**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re ROBIN GARRETT TOMER, | ) | Case No. 08-61265 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| ROMAR ELEVATORS, INC., | ) | Adv. 08-06097 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| ROBIN GARRETT TOMER, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a motion by Robin Garrett Tomer ("the Defendant") to dismiss the above-styled adversary complaint. Romar Elevators, Inc., d/b/a/ Romar MedEquip ("the Plaintiff") opposes the motion. The motion will be denied.

*Facts*

Pre-petition, on or about April 7, 2008, Romar obtained a judgment in the Circuit Court of the City of Danville in the State of Virginia ("the State Court Judgment") against the Debtor

1

in the net amount of $171,000.00 ($175,000.00 less an offset of $4,000.00).  On April 25, 2008, the Debtor filed a notice of appeal with the Supreme Court of Virginia.   The matter ("the State Court Action") is now properly before the Supreme Court of Virginia.

On May 30, 2008, the Debtor filed a bankruptcy petition initiating the above-styled bankruptcy case.   The Debtor scheduled a general unsecured claim in favor of the Plaintiff in the amount of $171,000.00 described as "Judgment of $175,000.00 with offset of $4,000.00 judgment of debtors - on Appeal".

After the Defendant filed a chapter 13 petition, the Plaintiff filed this adversary seeking to have any debt arising from the State Court Judgment declared non-dischargeable.   The Defendant now seeks to have the adversary proceeding dismissed.

*Discussion*

The Defendant brings the motion on the grounds that the issues presented in this adversary proceeding are the same as those now before the Supreme Court of Virginia.  The motion contains no discussion what those issues are.

The adversary complaint asserts that any debt arising from the facts asserted in the State Court Action is non-dischargeable in this bankruptcy case.   The causes of action asserted in the complaint are embezzlement, larceny and defalcation, the latter of which is brought under 11 U.S.C. § 523(a)(4).

There is no evidence, and one would not expect, that the State Court Action includes a request for a determination regarding the dischargeability of the debt in bankruptcy.  If any issues or claims are finally decided in the State Court Action, the Defendant may argue that the doctrines of issue preclusion and/or claim preclusion apply in this adversary proceeding.

Accordingly, the motion will be denied.

## **ORDER**

The motion of the Defendant to dismiss this adversary proceeding shall be and hereby is denied.

So ORDERED.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to Darren W. Bentley, Esq., Lewis E. Goodman, Esq.. and the chapter 13 trustee.

Entered on this  5th  day of December, 2008.

_____
William E. Anderson
United States Bankruptcy Judge